# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VICTORIA G. BRUMLOW,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **Civil Action No.** _____ |
| v. ) | |
| ) | |
| **THE TOWN OF BROOKSIDE,** ) | **Jury Trial Demanded** |
| **ALABAMA; and MICHAEL JONES,** ) | |
| individually and in his capacity as Chief of ) | |
| Police of the Town of Brookside, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff brings this action for appropriate monetary relief for the violation of her rights by the above defendants. As grounds for relief:

## JURISDICTION

1. The Court has jurisdiction over this matter because it concerns a controversy arising under state and federal law and the United States Constitution and the Alabama Constitution of 1901. This is a civil rights action brought under 42 U.S.C. §§ 1983 and 1988, as well as supplemental jurisdiction under 28 U.S.C. § 1367.

## PARTIES TO THE COMPLAINT

2. The Plaintiff, Victoria G. Brumlow, is an individual adult resident of Walker County, Alabama being over 19 years of age.

3. The Town of Brookside ("Brookside") is a municipal corporation located within the Birmingham Division of Jefferson County, Alabama.

4. Defendant Michael Jones is the Chief of police of Brookside and is over 19 years

of age and a resident of Shelby County, Alabama.   He is the chief executive officer of the police department of Brookside, directing law enforcement by Brookside's police force.

## FACTS

5.  Plaintiff frequently drives on Interstate 22 between Jasper and Birmingham, going through the police jurisdiction of Brookside as do multitudes of other persons every day.

6.  On May 26, 2019 at nearly 7:00 p.m. Plaintiff was stopped by the Brookside Police Officer Jones and detained on the side of the Interstate.   She was eventually given a ticket and complaint though she had not committed any traffic offense.

7.  . The allegation made in the complaint was "violation of Ala. Code Title 32-5-77 described as "EXTREME LEFT SIDE". Plaintiff was commanded to appear in Brookside Municipal Court on July 11, 2019.

8.  Plaintiff appeared in court on that date, pleading not guilty and seeking a trial. The case was continued, and plaintiff appeared three more times being ready for trial on 9/5/19, 12/5/19 and 3/5/20.   The final occasion, March 5, 2020 resulted in Brookside dismissing the charge without a trial.

9.  Plaintiff, through her attorney, had put Brookside on notice that there was no legal basis for charging motorists under Section 32-5-77, yet defendants continued with the prosecution of plaintiff and hundreds of other persons.

10.  The Code section under which Plaintiff was detained and charged does not state a criminal offense. It allows the Director of the Department of Public Safety to restrict driving on the extreme left side of an interstate highway and to issue rules and regulations for such. It further authorized the Director to give appropriate notice to the State Highway Director of the locations

of such areas directed to be restricted so that appropriate markers or other equipment may be erected by the State Highway Department.  None of those administrative steps were taken regarding Interstate -22 which runs outside the town limits of Brookside.

11. The Director of the Department of Public Safety has never designated any area for such restricted driving on I-22, and certainly not in the police jurisdiction of Brookside.  There have never been signs or other designation of any restrictions of driving in the left lane as required by Code of Ala. 32-5-77.

12. The police jurisdiction of Brookside is limited by Alabama law to 1.5 miles due to its limited population. None of I-22 touches or runs through Brookside, being separated by unincorporated land.

13. Alabama has not had a law prohibiting driving in the left lane since Section 32-5-55 of the Code of Alabama was repealed in 1980.  The section cited in the complaint here, Sec. 32-5-77, does not impose criminal sanctions.

14. Brookside, like other municipalities with under 19,000 in population, is prohibited by law from enforcing speeding laws on interstate highways. Code of Ala, §32-5A-171(8). The population of Brookside is reported to be 1,323 in a town "with no major roads passing through Brookside", yet Brookside employs several full-time police officers.  The Brookside Police must leave the city limits and drive through unincorporated areas in order to enter I-22 and stop motorists driving in the left lane in some of Brookside's police jurisdiction.

15. Brookside has continuously used the false left lane violation as a reason to stop and detain hundreds of motorists like Plaintiff, even after it was clearly shown that such actions were without legal basis.  Though Plaintiff had a proper driver's license, insurance, auto registration

and was wearing a seatbelt, many others are not so fortunate and receive charges in addition to the fictitious left lane charge.

16. Plaintiff denies that she violated any traffic statute or ordinance on the occasion when she was stopped, detained and cited by Brookside. She denies driving in the left lane other than to pass other vehicles on the occasion of her encounter with Brookside on May 26, 2019.

17. Plaintiff was unlawfully detained by Brookside and such constitutes a seizure of her person in violation of the Fourth and Fourteenth Amendments of the U. S. Constitution.

18. Plaintiff's attorney pointed out to Brookside prosecution officials that the charges against Plaintiff were illegal, but the matter was continued by defendants until the fourth court setting on March 5, 2020. Plaintiff was greatly inconvenienced and incurred unnecessary expense in hiring a court reporter and getting legal counsel for court settings.

19. Defendant Jones has been the head administrative officer of Brookside, being the person authorizing and directing the unconstitutional series of seizures of motorists like Plaintiff. Though it has been noted that such actions were legally groundless, he and his subordinates continued citing and detaining hundreds of people, some of whom were also arrested.

20. The motive for the unconstitutional seizure of Plaintiff and others was to generate revenue for Brookside. Court dates were crowded with scores of defendants charged initially with the same violation as Plaintiff, but many also received additional charges and huge fines and costs.

21. The Town of Brookside is liable for the actions of defendant Jones and his agents and employees because the seizure and detention of Plaintiff was pursuant to official policy of Brookside. As a very small municipality, Brookside relies heavily on revenue from its law

enforcement efforts on the Interstate. Being unable to stop motorists for speeding, Brookside commenced using the left lane ruse as a means of stopping motorists for that charge and others. The harm to Plaintiff was but one instance of hundreds of similar ones, all based upon the same policy and practice of stopping motorists on I-22.   The part-time prosecution and judiciary of Brookside condoned and participated in the furtherance of this municipal policy which caused harm to Plaintiff.

22.     While the Alabama Legislature did pass an Anti-Road Rage Act to prohibit driving in the left lane for more than 1.5 miles on an interstate without completely passing another vehicle, the Act did not go into effect until October 31, 2019.   Defendants continued charging persons under Code of Ala. 32-5-77 after that date.

23.     Defendants committed the tort of malicious prosecution against Plaintiff by instituting and continuing the criminal prosecution, with malice and without probable cause, with the prosecution being terminated in Plaintiff's favor, and causing damage to Plaintiff.

24.     Plaintiff has suffered a seizure by the actions of defendants, stopping and detaining her in violation of her Constitutional rights under the Fourth and Fourteenth Amendments, with such having been done under color of state law in violation of 42 U.S.C. 1983.

25.     Plaintiff suffered damage due to the intentional and unconstitutional actions of defendants resulting from their stopping and detaining her on May 26, 2019 as well as causing her to have to return to Brookside for court.   Plaintiff was alarmed and frightened by being stopped at night on the Interstate. Her right to privacy was violated.   She was further upset by her first trip to court observing the threatening treatment of others charged with the same offense. Only some defendants were allowed to enter the small courtroom at a time.   She later obtained counsel

for the last three court settings, incurring financial obligations for her defense and for a court reporter to protect her rights. Plaintiff suffered mental anguish and inconvenience as a result of the actions of defendants. Plaintiff seeks nominal damages also.

## COUNT I: DENIAL OF DUE PROCESS AND EQUAL PROTECTIONS IN VIOLATION OF THE 14TH AMENDMENT AND 42 U.S.C. 1983

Plaintiff incorporates paragraphs 1-25 of the Complaint by reference.

26. The City and Defendant Jones have violated Plaintiff's right to equal protection of the law and due process granted by the 14th Amendment of the United States Constitution and by the Alabama Constitution of 1901 by creating an irrational and arbitrary classification of people stopped, seized and detained for violation of a non-existent criminal law. Detaining and prosecuting Plaintiff for something not constituting a violation of the law is a violation of due process actionable under 42 U.S.C. § 1983 as being state action under color of state law.

27. The seizure and detention of Plaintiff was primarily motivated as a means to discover and charge other possible infractions, with Brookside thereby having a chance at obtaining greater revenue than from the left lane charge alone. As a result, Plaintiff suffered damages as noted in paragraph 25 herein.

## COUNT II: VIOLATION OF THE 4TH AND 14TH AMENDMENTS' RIGHT TO BE FREE FROM UNREASONABLE SEIZURE

28. Plaintiff incorporates paragraphs 1-27 of the Complaint by reference.

29. Plaintiff was subjected to illegal seizure and detention by defendants when they stopped her as alleged, doing so without reasonable suspicion or cause, and thus, violated her right to be free from unreasonable seizure under the 4th and 14th Amendments to the U.S. Constitution and the Constitution of the State of Alabama of 1901.

30. The harm the defendant caused entitles Plaintiff to recovery under 42 U.S.C. § 1983 as being done under color of state law. The violation of Plaintiff's $4_{th}$ and $14_{th}$ Amendment rights was done as part of a pattern and practice of defendants creating a reason for stopping motorists on the Interstate. The violation of Fourth and Fourteenth Amendment rights was done intentionally in an effort to create revenue for Brookside.   As a result, Plaintiff suffered damages as alleged in paragraph 25 herein.

### COUNT III: MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

31. Plaintiff Incorporates paragraphs 1-30 of the Complaint by reference.

32. Defendants committed the tort of malicious prosecution against Plaintiff by charging her with an alleged offense which is not a violation of law and continuing the prosecution of such when it was obvious that there is no legal basis for such prosecution. This being state action under color of state law, it is a violation of Plaintiff's constitutional rights under the $4_{th}$ and $14_{th}$ Amendments and is actionable pursuant 42 U.S.C. § 1983.   Plaintiff suffered damage as set out in paragraph 25 herein.

### COUNT IV: MALICIOUS PROSECUTION

33. Plaintiff incorporates paragraphs 1-32 of the Complaint by reference.

34. Defendants committed the tort of malicious prosecution against Plaintiff by falsely instituting a criminal prosecution and continuing to pursue it against Plaintiff. The said prosecution was without probable cause and was terminated in Plaintiff's favor.   Plaintiff has suffered damage as a result of the actions of defendants as noted in paragraph 25 herein. Plaintiff is entitled to recover actual and punitive damages under Alabama state law.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays that the Court will take jurisdiction of this cause and upon the final hearing grant her request for the following relief:

a) Following a trial on the merits herein, grant Plaintiff appropriate actual and punitive damages for the violations of her rights complained of herein;

b) the costs of this action, including reasonable attorneys' fees; and

c) Any other relief to which Plaintiff may be entitled.

**TRIAL BY JURY IS DEMANDED ON ALL APPLICABLE CLAIMS**

Respectfully submitted,

*/s/ W. M. Dawson*
William M. Dawson
ASB-3976-S80W
Dawson Law Office
1736 Oxmoor Road, #101
Birmingham, Alabama 35209
Telephone: 205-795-3512
E-Mail: bill@billdawsonlaw.com

*/s/ Stephen K. Woodall*
Stephen K. Woodall
ASB-2971N63O
1736 Oxmoor Road, #101
Birmingham, Alabama 35209
Telephone: 205-795-3517
E-Mail: stephenwoodall@woodall.law

Address of Plaintiff:
931 Aaron Loop
Jasper, AL 35504

Address for Defendants:
Town of Brookside
P.O. Box 142

Brookside, AL 35036

Michael Jones
P.O. Box 142
Brookside, AL 35036