# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **VICTORIA G. BRUMLOW,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) Civil Action No. |
| v. | ) 2:20-CV-00650-GMB |
| | ) |
| **THE TOWN OF BROOKSIDE,** | ) |
| **ALABAMA; and MICHAEL** | ) Jury Trial Demanded |
| **JONES, individually and in his** | ) |
| **capacity as Chief of Police of the** | ) |
| **Town of Brookside,** | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff brings this action for appropriate monetary relief for the violation of her rights by the above defendants. As grounds for relief:

## JURISDICTION

1. The Court has jurisdiction over this matter because it concerns a controversy arising under state and federal law and the United States Constitution and the Alabama Constitution of 1901. This is a civil rights action brought under 42 U.S.C. § 1983 and § 1988, as well as supplemental jurisdiction under 28 U.S.C. § 1367.

## PARTIES TO THE COMPLAINT

2. The Plaintiff, Victoria G. Brumlow, is an individual adult resident of

Walker County, Alabama being over 19 years of age.

3. The Town of Brookside ("Brookside") is a municipal corporation located within the Birmingham Division of Jefferson County, Alabama.

4. Defendant Michael Jones is the Chief of police of Brookside and is over 19 years of age and a resident of Shelby County, Alabama. He is the chief executive officer of the police department of Brookside, directing law enforcement by Brookside's police force.

## FACTS

5. Plaintiff frequently drives on Interstate 22 between Jasper and Birmingham, going through the police jurisdiction of Brookside as do multitudes of other persons every day.

6. On May 26, 2019 at nearly 7:00 p.m., Plaintiff was stopped by the Brookside Police Officer Jones and detained on the side of the Interstate. She was eventually given a ticket and complaint even though she had not committed any traffic offense.

7. The allegation made in the complaint was "violation of Ala. Code Title 32-5-77 described as "EXTREME LEFT SIDE." Plaintiff was commanded to appear in Brookside Municipal Court on July 11, 2019.

8. Plaintiff appeared in court on that date, pleading not guilty and seeking

2

a trial. The case was continued, and plaintiff appeared three more times being ready for trial on 9/5/19, 12/5/19 and 3/5/20. The final occasion, March 5, 2020 resulted in Brookside dismissing the charge without a trial.

9. Plaintiff, through her attorney, had put Brookside on notice that there was no legal basis for charging motorists under Section 32-5-77, yet defendants continued with the prosecution of plaintiff and hundreds of other persons.

10. The code section under which Plaintiff was detained and charged does not state a criminal offense. It allows the Director of the Department of Public Safety to restrict driving on the extreme left side of an interstate highway and to issue rules and regulations for such. It further authorized the Director to give appropriate notice to the State Highway Director of the locations of such areas directed to be restricted so that appropriate markers or other equipment may be erected by the State Highway Department. None of those administrative steps were taken regarding Interstate 22 which runs completely outside of the town limits of Brookside.

11. The Director of the Department of Public Safety has never designated any area for such restricted driving on I-22, and certainly not in the police jurisdiction of Brookside.   There have never been signs or other designation of any restrictions of driving in the left lane as required by Ala. Code § 32-5-77.

12. The code section relied upon in making the illegal stop of Plaintiff

states as follows in its entirety:

> (a) Any law to the contrary notwithstanding, the Director of the Department of Public Safety is hereby authorized to restrict driving in the extreme left side in any portion of any interstate highway, or of any highway of sufficient width, except for overtaking and passing. He may issue any reasonable rules and regulations necessary to implement this section.
>
> (b) The Director of Public Safety shall give appropriate notice to the State Highway Director of the locations of any portions of highways designated as restricted pursuant to the provisions of subsection (a) of this section so that appropriate markers or other equipment may be erected by the State Highway Department.

Ala. Code § 32-5-77

13. The police jurisdiction of Brookside is limited by Alabama law to 1.5 miles due to its limited population. None of I-22 touches or runs through Brookside, being separated by unincorporated land. There is nothing marked to delineate where the police jurisdiction of Brookside might be, and Brookside officers arbitrarily write on all tickets "near Cherry Avenue" as was done to Plaintiff here.

14. Alabama has not had a law prohibiting driving in the left lane since Section 32-5-55 of the Alabama Code was repealed in 1980. Ala. Code § 32-5-55. The section cited in the complaint here, Section 32-5-77, does not impose criminal sanctions or otherwise create a traffic violation.

15. Brookside, like other municipalities with under 19,000 in population, is

4

prohibited by law from enforcing speeding laws on interstate highways. Ala. Code, § 32-5A-171(8). The population of Brookside is reported to be 1,323 "with no major roads passing through Brookside." Yet, Brookside employs several full-time police officers for the small town having only two-lane roads.

16. The Brookside Police must leave the city limits and drive through unincorporated areas in order to enter I-22 and stop motorists driving in the left lane allegedly in Brookside's police jurisdiction. Most people driving on I-22 are just passing through with no intent of entering the Town of Brookside, as was the case with Plaintiff. Plaintiff never entered the corporate limits of Brookside on the date of her seizure by Defendant Jones.

17. Brookside has continuously used the false left lane violation as a reason to stop and detain scores of motorists like Plaintiff, even after it was clearly shown that such actions were without legal basis. Though Plaintiff had a proper driver's license, insurance, auto registration and was wearing a seatbelt, many other travelers are not so fortunate and receive charges in addition to the fictitious left lane charge.

18. Plaintiff denies that she violated any traffic statute or ordinance on the occasion when she was stopped, detained and cited by Brookside. She denies driving in the left lane other than to pass another vehicle on the occasion of her encounter with Defendant Jones and Brookside on May 26, 2019.

19. Plaintiff was unlawfully detained by Brookside after she was stopped by Defendant Jones who lacked any reasonable suspicion that Plaintiff had committed a traffic violation. Such stop constitutes an illegal seizure of her person in violation of the Fourth Amendment of the U. S. Constitution.

20. Plaintiff's attorney pointed out to Brookside's prosecution officials that the charges against Plaintiff were illegal, but the matter was continued by defendants until the fourth court setting on March 5, 2020 before it was dismissed.

21. Plaintiff was greatly inconvenienced and incurred unnecessary expense in hiring a court reporter and getting legal counsel to appear for court settings. When Plaintiff arrived at Court with a court reporter on two separate occasions, prosecution officials refused to go forward with her case and instead opted to continue her case until a later date, knowing full well they were proceeding with an unlawful prosecution of Plaintiff.

22. Defendant Jones has been the primary administrative officer of Brookside, being the person who authorized and directed the unconstitutional series of seizures of motorists like Plaintiff. Though Jones knew or should have known that such actions were legally groundless, he and his subordinates continued seizing, detaining, searching, and prosecuting scores of people like Plaintiff, many of whom were also charged with other offenses after the illegal stops.

23. Brookside has proceeded to treat Interstate 22 as a source for harvesting revenue, continuing to harass drivers who were merely driving past Brookside. The motive for the unconstitutional seizure of Plaintiff and others was to generate revenue for Brookside. Court dates were crowded with scores of defendants charged initially with the same violation as Plaintiff, but many also received additional charges which resulted in huge fines and costs.

24. In each case, including that of Plaintiff, Brookside had a direct financial stake in receiving fines and fees flowing from the illegal seizures. This motive to continue stopping motorists on Interstate 22 is evidenced by the fact that Brookside continued doing so even after Plaintiff's counsel had pointed out that such stops and seizures were unlawful.

25. The prosecution of Plaintiff was continued unnecessarily after Jones and Brookside knew or should have known that there was no legal basis for the matter to be continued, causing Plaintiff the time and expense of repeated trips to Brookside for court.

26. The Town of Brookside is liable for the actions of defendant Jones and its police officers because the seizure, detention and prosecution of Plaintiff was pursuant to official policy of Brookside. The continuing pattern of seizures of motorists on the Interstate was a substantial part of the revenue producing work of

Brookside's police force.

27. Being prohibited by Alabama law from stopping motorists for speeding on the Interstate, Brookside used the left lane ruse as a means to stop and prosecute Plaintiff and others. The court officials and staff of Brookside condoned and participated in the furtherance of this municipal policy which caused harm to Plaintiff.

28. Defendants committed the tort of malicious prosecution against Plaintiff by instituting and continuing the criminal prosecution, with malice and without probable cause, with the prosecution being terminated in Plaintiff's favor, and causing damage to Plaintiff.

29. Plaintiff has suffered a seizure by the actions of Defendant Jones who stopped and detained her in violation of her constitutional rights under the Fourth Amendment, with such having been state action done under color of state law. Plaintiff seeks relief under 42 U.S.C. § 1983.

30. Plaintiff has suffered a seizure by the actions of Defendant Brookside due to its employee stopping and detaining her in violation of her Fourth Amendment rights, as such action was pursuant to municipal policy and an ongoing clear pattern and practice of behavior.

31. Plaintiff suffered damage due to the intentional and unconstitutional

8

actions of Defendant Jones resulting from his stopping and detaining her on May 26, 2019. Defendant Jones, without probable cause, swore out a criminal complaint against Plaintiff and caused her to have to return to Brookside for court four times. Plaintiff was alarmed and frightened by being stopped at night on the Interstate.

32. Plaintiff was further upset by her first trip to court where she observed the threatening treatment of others charged with the same offense as she faced. The court settings at Brookside had overflow crowds of defendants with only a few allowed in court at a time.

33. Plaintiff obtained legal counsel for the last three court settings, needlessly incurring financial obligations for her defense and for a court reporter to protect her rights. Plaintiff suffered mental anguish and inconvenience as a result of the actions of defendants. Plaintiff seeks nominal damages also.

### COUNT I: VIOLATION OF THE FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURE BY DEFENDANT JONES

Plaintiff incorporates herein the factual allegations of this Complaint.

34. Plaintiff was subjected to an illegal seizure and detention by Defendant Jones when he stopped her as alleged herein, doing so without reasonable suspicion or cause, and thus, violating her right to be free from unreasonable seizure under the Fourth Amendment to the U.S. Constitution. Such conduct by Defendant Jones was

committed under color of law in violation of Plaintiff's constitutional rights. Accordingly, Plaintiff seeks relief under 42 U.S.C. § 1983.

35. Defendant Jones claimed to be acting pursuant to Ala. Code § 32-5-77 by intentionally and/or recklessly seizing Plaintiff in violation of her rights. That code section did not give Defendant Jones the authority to stop Plaintiff as it did not create any traffic law that would need be enforced.

WHEREFORE, Plaintiff seeks appropriate actual and punitive damages against Defendant Jones.

## COUNT II: VIOLATION OF THE FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURE BY DEFENDANT THE TOWN OF BROOKSIDE

Plaintiff incorporates herein the factual allegation of the Complaint.

36. Plaintiff was subjected to an illegal seizure and detention by the Defendant Town of Brookside, being subjected to violation of her Fourth Amendment rights under the U.S. Constitution pursuant to 42 U.S.C. § 1983. Brookside had a policy and/or practice of allowing its police officers to stop, seize, detain and/or search motorists travelling along Interstate-22, an area outside of the town limits of Brookside.

37. The stop of Plaintiff as performed by Defendant Jones was a part of much broader pattern and practice on the part of Brookside to seize motorists without

probable cause or reasonable suspicion of wrongdoing, basing the seizure on a non-existent criminal law. Defendant Brookside was deliberately indifferent in allowing and enforcing the policy of using the non-existent law to stop and seize motorists such as Plaintiff. The widespread use of that policy and practice caused the violation of Plaintiff's Fourth Amendment rights.

WHEREFORE, Plaintiff seeks actual damages against Defendant Brookside for violation of her rights as alleged.

### COUNT III: MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS BY DEFENDANT JONES

Plaintiff Incorporates herein the factual allegations of the complaint.

38.     Defendant Jones unlawfully stopped and seized Plaintiff in violation of her Fourth Amendment rights, doing so in violation of her right to be free from unreasonable seizures, doing so in violation of 42 U.S.C. § 1983.   Defendant Jones instituted and continued a criminal prosecution against Plaintiff with malice and without probable cause that terminated in her favor and caused damage to her.

39.     After the seizure of Plaintiff, Defendant Jones signed a complaint alleging a violation of a statute that did not create an actionable traffic offense. Plaintiff was prosecuted without reasonable suspicion of wrongdoing or probable cause, with the matter continued for additional court settings at Brookside court

when it was obvious that there was no legal basis for the prosecution.

WHEREFORE, Plaintiff seeks actual and punitive damages against Defendant Jones for the violation of her rights as alleged.

### COUNT IV: VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS BY THE MALICIOUS PROSECUTION OF BROOKSIDE

Plaintiff incorporates herein the factual allegations of the Complaint.

40. The Defendant Brookside violated Plaintiff's Fourth Amendment right to be free from malicious prosecution. Plaintiff seeks relief under 42 U.S.C. § 1983.

41. Plaintiff was unlawfully stopped and seized by Defendant Jones in violation of her Fourth Amendment rights. The seizure occurred in the absence of reasonable suspicion of wrongdoing and in furtherance of a pattern of unconstitutional stops encouraged, directed and endorsed by Brookside in an effort to turn Interstate 22 into a source of revenue for the town. A criminal complaint was sworn based on a non-existent violation of the law and the ensuing prosecution was continued against Plaintiff by Brookside with malice and without probable cause. After months of court settings, the matter was terminated in favor of Plaintiff and caused damage to her.

WHEREFORE, Plaintiff seeks actual damages against Brookside for the violation of her rights as alleged.

## COUNT V. INTENTIONAL MALICIOUS PROSECUTION BY DEFENDANT JONES PURSUANT TO ALABAMA LAW

Plaintiff incorporates herein the factual allegations of the complaint.

42. Defendant Jones committed the tort of malicious prosecution under Alabama law by intentionally swearing a ticket or complaint against Plaintiff when he did not have reasonable suspicion or probable cause for doing so. Defendant Jones knew or should have known of the falsity of the charge, yet he intentionally started the prosecution against Plaintiff. Further, he continued the prosecution after it was clear that there was no legal basis for continuing it, causing Plaintiff the expense and inconvenience of additional trips to Brookside for court and mental anguish, only to have the matter finally dismissed in Plaintiff's favor.

WHEREFORE, Plaintiff demands appropriate actual and punitive damages against Defendant Jones.

## COUNT VI.   NEGLIGENT MALICIOUS PROSECUTION BY DEFENDANT JONES PURSUANT TO STATE LAW

Plaintiff incorporates herein the factual allegations of this complaint.

43. Defendant Jones committed the tort of malicious prosecution under Alabama law against Plaintiff by negligently swearing a ticket or complaint against Plaintiff when he did not have reasonable suspicion or probable cause for doing so. He carelessly followed the policy and practices of defendant Brookside in allowing

13

or encouraging its officers to stop and charge motorists with a non-existent violation. He further continued the prosecution in Brookside court, causing Plaintiff to attend and return to court unnecessarily until the matter was terminated in her favor by dismissal.

WHEREFORE, Plaintiff demands appropriate actual and punitive damages against Defendant Jones.

### COUNT VII. MALICIOUS PROSECUTION UNDER ALABAMA LAW AGAINST DEFENDANT BROOKSIDE

Plaintiff incorporates herein the factual allegations of the complaint.

44. The Defendant Brookside violated Plaintiff's right to be free from malicious prosecution pursuant to Alabama law. Plaintiff was unlawfully stopped and seized by Defendant Jones without reasonable suspicion of wrongdoing, with such done in furtherance and pursuant to a pattern of conduct followed and approved by Brookside as a source of revenue. Brookside approved and affirmed the actions of Defendant Jones in arbitrarily stopping and prosecuting motorists like Plaintiff for a nonexistent offense.

45. The Defendant Brookside continued the ensuing prosecution with knowledge that the prosecution was baseless. Brookside had brought the same prosecutions against many other motorists before and after the wrongful prosecution

of Plaintiff, directing its police to leave the Town of Brookside and ride or park along Interstate-22 and prosecute motorists. Defendant Brookside instituted and continued a criminal prosecution against Plaintiff with malice and without reasonable suspicion or probable cause with the matter terminated in her favor causing damage. Plaintiff had the expense of defending unlawful charges for months of court settings and incurred mental anguish.

WHEREFORE, Plaintiff seeks actual damages against Brookside for the violation of her rights as alleged.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays that the Court will take jurisdiction of this cause and upon the final hearing grant her request for the following relief for the counts alleged herein:

a) Following a trial on the merits herein, grant Plaintiff appropriate actual and punitive damages for the violations of her rights complained of herein, including nominal damages for the violation of her rights, for the expense and inconvenience of defending herself, for mental anguish and emotional harm.

b) the costs of this action, including reasonable attorneys' fees;

c) any other relief to which Plaintiff may be entitled; and

**TRIAL BY JURY IS DEMANDED ON ALL APPLICABLE CLAIMS**

Respectfully submitted,

/s/ *W. M. Dawson*
William M. Dawson
ASB-3976-S80W
Dawson Law Office
1736 Oxmoor Road, #101
Birmingham, Alabama 35209
Telephone: 205-795-3512
E-Mail: bill@billdawsonlaw.com


/s/ *Stephen K. Woodall*
Stephen K. Woodall
ASB-2971N63O
1736 Oxmoor Road, #101
Birmingham, Alabama 35209
Telephone: 205-795-3517
E-Mail: stephenwoodall@woodall.law

Address of Plaintiff:
931 Aaron Loop
Jasper, AL 35504

Address of Defendants
    Town of Brookside
    Brookside, AL 35036

16

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been E-filed and served on opposing counsel, Tim Donahue and Mark Parnell, this the 15th day of October 2020.

By: /s/ W. M. Dawson